IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Joseph Todd**, <br><br> Plaintiff, <br><br> v. <br><br> **United States of America**, <br><br> Defendant. | Case No. <br><br> _____ <br><br><br> **Complaint for Damages** |

**Parties, Jurisdiction, And Venue**

1. Plaintiff Joseph Todd is a citizen of the State of Georgia.

2. On June 2, 2020, a female driver for the United States Postal Service ("USPS") was operating a postal delivery truck on South Howard Street in Atlanta, Georgia in the course and scope of her employment with USPS.

3. This is an action arising out of a crash that occurred on June 2, 2020 involving Joseph Todd and a postal truck operated by the USPS driver and USPS.

4. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (hereinafter "the FTCA").

5. The USPS is an independent establishment of the executive branch of Defendant United States of America. 39 U.S.C. § 201. The USPS is within the FTCA.

6. In accordance with Fed.R.Civ.P. 4(i), Defendant United States of

America (referred to herein as "USA") was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the United States Attorney for the Northern District of Georgia Kurt R. Erskine, Office of the United States Attorney, Richard B. Russell Federal Building, 75 Ted Turner Dr. S.W., Suite 600, Atlanta, Georgia 30303.

7. In accordance with Fed.R.Civ.P. 4(i), the Attorney General of the United States was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the Attorney General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530. Jurisdiction and venue are proper as to the Northern District Atlanta Division.

8. By virtue of the facts set forth in this Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

9. Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1402.

10. On April 28, 2021, the undersigned sent by certified mail an Administrative Claim to the USPS in accordance with the FTCA for $300,000.00.

11. Mr. Todd's Administrative Claim was properly and timely presented to the USPS.

12. On July 1, 2021, the USPS sent the undersigned a letter stating it had received the administrative claim filed by Joseph Todd on May 11, 2021 and the had begun their review.

13. More than six months have passed since the filing of Mr. Todd's Administrative Claim with the USPS.

14. Because USPS failed to make a final disposition of Mr. Todd's claim within six months after it was filed, their failure is deemed a final denied of the claim in accordance with 28 U.S.C. § 2675.

15. This action is timely filed.

16. All conditions precedent to the filing of this action have been met.

### Facts Applicable to All Counts

17. Mr. Todd suffers from a rare congenital condition called limb-girdle autosomal recessive muscular dystrophy which causes severe muscle atrophy in his legs, as well as other portions of his body.

18. Because of his condition, Mr. Todd is confined to an electric wheelchair.

19. On the afternoon of June 2, 2020, Mr. Todd was using his wheelchair to travel south down South Howard Street (a residential road) near its intersection with Glenwood Avenue Southeast in DeKalb County, Georgia.

20. Mr. Todd was traveling on the right side of the southbound roadway as close to the edge of the road as practicable.

21. A USPS truck passed by Mr. Todd to his left.

22. The USPS truck that passed Mr. Todd continued south down South Howard Street to deliver mail to the mailboxes along the right side of the road.

23. The USPS truck made several stops in front of Mr. Todd.

24. After one stop, the USPS truck started to reverse.

25. When the USPS started to reverse, Mr. Todd stopped driving his wheelchair forward and stopped so as to give the USPS truck room to reverse.

26. As the USPS truck continued to reverse, it did not appear to slow down ahead of Mr. Todd.

27. Mr. Todd was unable to move his wheelchair out of the way of the USPS truck because of its proximity and speed while backing.

28. The rear bumper of the USPS truck struck the front of Mr. Todd's right shin.

29. The USPS driver got out of her truck and apologized to Mr. Todd for hitting him.

30. The USPS driver then got back into her truck, continued her route, and drove off.

31. Mr. Todd continued a short distance home on his wheelchair and called the police to report the crash.

32. Mr. Todd awoke the next morning and his leg was bruised, painful, and swollen and he had a puss-filled wound where the bumper of the USPS truck hit him.

33. Mr. Todd went to the emergency room for treatment.

34. Because of his condition, Mr. Todd's wound worsened more so than someone not suffering from LGMD.

35. Mr. Todd required multiple hospital stays and months of wound care treatment including the placement of a wound vac.

36. Mr. Todd's medical expenses are in excess of $59,500.00.

37. Mr. Todd has suffered significant past pain, suffering and mental anguish and will continue to experience significant future pain, suffering and mental anguish.

38. USPS confirmed via telephone that it knows that the driver of the USPS truck on the South Howard Street route that day is one of two female drivers, but has yet to identify either individual.

39. All of the above-referenced damages were proximately caused by the negligence of the USPS driver and USPS.

## Count 1: Negligence

40. USPS and its driver owed a duty of care to Plaintiff to operate her vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

41. The USPS driver was operating her vehicle in the course and scope of her employment with USPS.

42. The Crash was directly and proximately caused by the negligence of the USPS driver.

43. The Crash was directly and proximately caused by the USPS driver's negligence in failing in keeping a proper lookout.

44. The Crash was directly and proximately caused by the USPS driver's negligence in failing to appropriately apply the brakes.

45. The Crash was directly and proximately caused by the USPS driver's negligence in improperly backing.

46. Plaintiff's personal injuries and damages were directly and proximately caused by the USPS driver's negligence.

47. By virtue of the negligence of the USPS driver and USPS, Defendant USA is liable to Joseph Todd for all of the damages resulting from that negligence, including, but not limited to his wound, hospital bills, medical bills, lost wages, mental anguish, and conscious pain and suffering under a theory of agency and *respondeat superior*.

## Count 2: Negligence Per Se

48. The USPS driver's actions constituted negligence *per se* regarding applicable laws and standards including, but not limited to:

    48.1. Improper backing where such movement cannot be made with safety or without interfering with other traffic, in violation of O.C.G.A. § 40-6-240;

    48.2. Failure to exercise due care to avoid colliding with a pedestrian upon a roadway by sounding horn when necessary, in violation of O.C.G.A. § 40-6-93;

    48.3. Failure to exercise proper precautions upon observing a pedestrian who is obviously incapacitated, in violation of O.C.G.A. § 40-6-93; and

    48.4. Failure to report accident resulting in injury and/or property damage, in violation of O.C.G.A. § 40-6-273.

49. As a pedestrian, Mr. Todd fell within the class of persons these laws were intended to protect.

50. Injury resulting from motor vehicle collisions was the harm that these laws were intended to guard against.

51. Defendants are liable for the tortious acts and omissions of The USPS driver was acting in the course and scope of his employment with Defendant.

52. Defendants had control over the time, manner, and method of The USPS driver's actions.

53. Defendants are liable for the tortious acts and omissions of The USPS driver because The USPS driver was Floyd County Sheriff's Office's and Floyd County agent.

## Count 3: Negligent Entrustment and Supervision

54. Defendant USA, as the USPS driver's employer, had a duty to supervise the USPS in a reasonably prudent fashion, as well as a duty not to entrust a motor vehicle to a person who is incompetent to driver by reason of physical or mental condition, or by a known habit of recklessness.

55. Mr. Todd attempted to avoid the collision but was unable to do so.

56. On June 2, 2020, the USPS driver reported for work and picked up the postal truck that she was driving at the time of the crash.

57. At that time, Defendant USA negligently entrusted the postal truck to her.

58. Defendant USA knew or should have known that their driver was not qualified, not properly trained, and/or otherwise not safe to drive.

59. Defendant USA was otherwise negligent in supervising their driver and entrusting her with a USPS postal delivery truck.

60. As a direct results of Defendant USA's negligent entrustment and negligent supervision of its driver, Defendant USA is liable to Mr. Todd for all of the damages resulting from that negligence, including but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pan and suffering.

61. By virtue of Defendant USA's negligent entrustment and negligent supervision of the USPS driver, Defendant USA is liable to Mr. Todd for all of the damages resulting from that negligence, including but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering.

## Damages

62. Defendants are liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

63. Plaintiff seeks to and is entitled to recover for:

    63.1. Personal injuries

    63.2. Past, present, and future pain and suffering

63.3. Disability

63.4. Disfigurement

63.5. Mental anguish

63.6. Loss of capacity for the enjoyment of life

63.7. Economic losses

63.8. Incidental expenses

63.9. Past, present, and future medical expenses

63.10. Lost earnings

63.11. Loss of earning capacity

63.12. Permanent injuries

63.13. Consequential damages to be proven at trial.

64. Plaintiff respectfully requests:

64.1. Process issue as provided by law

64.2. Trial by jury against Defendants

64.3. Judgment be awarded to Plaintiffs and against Defendants

64.4. Plaintiff be awarded damages in amounts to be shown at trial

64.5. Plaintiff have such other relief as this Court deems just and appropriate.

Submitted on March 10, 2022, by:

**Rafi Law Firm LLC**
1776 West Peachtree Street NW
Suite 423-South
Atlanta, GA 30309
404-800-9933
470-344-3425 fax
mike@rafilawfirm.com
chris@rafilawfirm.com

Michael T. Rafi
Georgia Bar No. 127670
Christopher D. Stokes
Georgia Bar No. 891352

**Attorneys for Plaintiff**